UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RODNEY DALE HOOD, | § | |
| TDCJ # 01659266, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0295 |
| | § | |
| BRYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

State inmate Rodney Dale Hood brings this suit under 42 U.S.C. § 1983 alleging mistreatment and inadequate medical care while incarcerated at the Terrell Unit of the Texas Department of Criminal Justice–Correctional Institutions Division. Hood proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. On November 28, 2018, Defendants Erin Jones and Owen Murray filed a motion to dismiss (Dkt. 31), to which Plaintiff has not yet responded. Plaintiff has filed a motion for emergency medical hearing and counsel (Dkt. 29); a motion for a temporary restraining order (Dkt. 30); a motion to supplement his complaint (Dkt. 32), and a motion for extension of time (Dkt. 33).

### 1. Requests for emergency injunctive relief

Plaintiff alleges that, because of the "deliberate and willful corruption" in the Terrell Unit medical department, his shoulder surgery and other medical treatments have

been delayed for over a year (Dkt. 29, at 1-2).[1]  He alleges that officials delay his care, deny him pain medication, and do not provide proper restrictions on activity (*id.* at 2). He further alleges that officials at the Terrell Unit, including Defendant Jones, have retaliated against him for him filing this lawsuit by discontinuing medical restrictions, refusing him medical records, failing to process his grievances, and denying him pain medication, among other things (Dkt. 30, at 1-3).   He attaches multiple records to each motion, which include medical and grievance records.

A plaintiff seeking a preliminary injunction must establish "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest."  *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018) (citations omitted).  The Fifth Circuit has cautioned that a preliminary injunction "is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements."  *Defense Distributed v. U.S. Dep't of State*, 838 F.3d 451, 457 (5th Cir. 2016) (internal quotation marks and citations omitted).  To state a valid claim under the Eighth Amendment for denial of adequate medical care, a plaintiff must demonstrate that the defendant exhibited "deliberate indifference" to his "serious medical needs, constituting an unnecessary and wanton infliction of pain."  *Easter v. Powell*, 467 F.3d

---

[1]      The Court notes that in a more recent filing, Plaintiff states that he received shoulder surgery on November 26, 2018 (Dkt. 33, at 1).

459, 463 (5th Cir. 2006) (internal citations and quotation marks omitted); *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a valid claim for retaliation in this context, a prisoner must allege: (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018).[2]

Plaintiff is not entitled to injunctive relief on his medical care and retaliation claims because he has not "clearly carried the burden of persuasion" on the four required elements, including a substantial likelihood of success on the merits. *See Defense Distributed*, 838 F.3d at 457. Although Plaintiff alleges that medical treatments are being delayed or denied, and that the medical personnel are acting in retaliation for this lawsuit, in fact the attachments to his motions indicate that he is receiving frequent medical care and that officials have granted him work restrictions. *See, e.g.*, Dkt. 29, at 9 (medical records of treatment in clinic, including medications, on September 14, 2018); *id*. at 5 (medical records of follow up care for shoulder with orthopedic surgery on September 27, 2018); *id.* at 12 (records of Plaintiff's restriction history in 2016-2018, including work restrictions in July 2018). *See also* Dkt. 30, at 7-19 (2018 grievance records pertaining to Plaintiff's access to his records and the timely processing of his grievances with responses from prison officials). Given these records, Plaintiff has not "clearly carried" his burden to show a "retaliatory adverse act" or "deliberate indifference" by Defendants.

---

[2] "To show causation, a plaintiff must allege that but for the retaliatory motive the complained of incident would not have occurred. A plaintiff must either produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (internal citations, quotation marks, and alteration omitted).

*See Brown*, 911 F.3d at 245; *Easter*, 467 F.3d at 463. Additionally, Plaintiff's allegations that the challenged actions were retaliatory appear to be based solely on his personal belief,[3] which is insufficient to state a valid retaliation claim. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ("The inmate must allege more than his personal belief that he is the victim of retaliation").

Because Plaintiff has not clearly carried his burden of persuasion on his retaliation and medical care claims, his motion for emergency medical hearing (Dkt. 29) and motion for a temporary restraining order (Dkt. 30) are **DENIED**.

**2.     Motion for Appointment of Counsel**

Plaintiff has moved for appointment of counsel to assist him in litigating this case (Dkt. 29). There is no automatic constitutional right to appointment of counsel in civil rights cases. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A district court may appoint counsel to advance the proper administration of justice in exceptional circumstances and where an indigent litigant has colorable claims that will not receive a meaningful hearing without counsel. *See* 28 U.S.C. § 1915(e)(1); *Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015); *Ulmer*, 691 F.2d at 213. When deciding whether to appoint counsel, the Court considers the type and complexity of the case, whether the indigent litigant can adequately investigate and present his case, and the level of skill required to present the evidence. *Baranowski*, 486 F.3d at 126.

---

[3]     *See, e.g.*, Dkt. 30, at 2 ("My medical condition has worsen[ed], so why would a whole medical team refuse to allow me this protection? If it's not (RETALIATION) for filing this law suit").

Hood has thus far shown himself capable of self-representation and has filed appropriate motions for relief. His claims in this suit do not present a complex case or novel question of law. The Court finds that this is not an exceptional case involving complex legal issues that would justify the appointment of counsel at this time. Plaintiff's motion for appointment of counsel is **DENIED**. As the case progresses, however, the Court will revisit the issue on its own motion as necessary.

### 3. Motion to Supplement

Plaintiff also has filed a motion to supplement his complaint (Dkt. 31). Plaintiff states that he wishes to bring claims not only about events at the Terrell Unit, which is in the Southern District of Texas, Galveston Division, but also about events at the Eastham and Telford Units, which are located in the Eastern District of Texas. This Court previously struck a complaint filed by Plaintiff that combined claims about events at the Terrell, Eastham, and Telford Units, because the complaint "clearly attempt[ed] to lodge claims against multiple defendants stemming from more than one transaction or occurrence." *See* Order (Dkt. 11), at 5-7 (citing FED. R. CIV. P. 18, 20). Plaintiff then filed an amended complaint (Dkt. 23) limited to claims and defendants in this judicial district, as instructed by the Court.

Plaintiff now states that he is attempting to demonstrate "long term abuse and retaliation" and complains that the Court has improperly limited his lawsuit (Dkt. 32, at 1). He requests leave to file a supplemental complaint adding claims and defendants from the Eastham and Telford Units. For the reasons stated in the Court's prior Order (Dkt. 11), Plaintiff's motion is **DENIED**.

### 4. Motion for Extension of Time

Finally, Plaintiff seeks additional time to respond to Defendants' motion to dismiss, filed on November 28, 2018. Because Defendants' motion to dismiss (Dkt. 31) refers to medical records and other documents outside the pleadings, and in order to afford Plaintiff the opportunity to present all relevant materials to the Court, the Court **CONVERTS** Defendants' motion to a motion for summary judgment under Rule 56. *See* FED. R. CIV. P. 12(d).[4]

In order to give Plaintiff a reasonable opportunity to present all material pertinent to the motion, and for the health-related reasons provided in Plaintiff's motion, Plaintiff's motion for extension of time (Dkt. 33) is **GRANTED**. Plaintiff's response to Defendants' motion must be filed **on or before February 28, 2019**. Defendants may file a reply **on or before March 15, 2019**.

---

[4]    Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc*., 232 F.3d 473, 477 (5th Cir. 2000). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Id*. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id*. In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted). However, the non-movant cannot avoid summary judgment simply by presenting "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (internal citation, alteration and quotation marks omitted); *see Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

**5.    Conclusion**

For the reasons stated above, the Court **ORDERS** as follows:

1.    Plaintiff's motion for emergency medical hearing and counsel (Dkt. 29) is **DENIED**.

2.    Plaintiff's motion for a temporary restraining order (Dkt. 30) is **DENIED**.

3.    Plaintiff's motion to supplement his complaint (Dkt. 32) is **DENIED**.

4.    Defendants' motion to dismiss (Dkt. 31) is **CONVERTED** to a motion for summary judgment under Rule 56.

5.    Plaintiff's motion for extension of time (Dkt. 33) is **GRANTED**. Plaintiff's response to Defendants' motion must be filed **on or before February 28, 2019**. Defendants may file a reply **on or before March 15, 2019**.

The Clerk is instructed to provide the parties with a copy of this Order.

SIGNED at Galveston, Texas, this 16th day of January, 2019.

George C. Hanks Jr.
United States District Judge