IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RODNEY DALE HOOD<br>TDCJ # 01659266,<br><br>　　　Plaintiff,<br>VS.<br><br>BRYAN COLLIER, *et al.*,<br><br>　　　Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 3:18-0295 |

## MEMORANDUM OPINION AND ORDER

State inmate Rodney Dale Hood brought this suit under 42 U.S.C. § 1983 complaining of inadequate medical care and other issues while incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). On July 29, 2019, this Court granted summary judgment for Defendants and entered final judgment (Dkt. 43, Dkt. 44). Plaintiff has filed a motion for extension of time (Dkt. 45) to file a motion for reconsideration, which the Court will construe as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Plaintiff also has filed a notice of appeal (Dkt. 46), which will become effective after the Court rules on his pending motion. *See* FED. R. APP. P. 4(a)(4)(B)(i).

A motion under Rule 59(e) must be filed "no later than 28 days after the entry of judgment." FED. R. CIV. P. 59(e). The time limit under Rule 59(e) is mandatory and jurisdictional; it may not be extended by waiver of the parties or by district court ruling. *U.S. Leather, Inc., v. H & W P'ship*, 60 F.3d 222, 225 (5th Cir. 1995). Rule 6 expressly

prohibits an extension of time to act under Rule 59(e). FED. R. CIV. P. 6(b)(2) ("A court must not extend the time to act under . . . .Rule 59 (b), (d), and (e)"). The Court therefore is without authority to grant the extension Plaintiff seeks. However, because his motion for extension of time was filed within twenty-eight days after entry of judgment, the Court will construe the motion as a timely Rule 59(e) motion.

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479.

Plaintiff's pending motion requests thirty days to prepare a motion for reconsideration with a sworn statement from Mary Kay Moore, who "has the nec[e]ssary Medical reports from UTMB and is in the process of having them evaluated by a Liver and Ortho Special[i]st in the free world" (Dkt 45, at 1). The Court's summary judgment order dismissed Plaintiff's claims regarding his medical care after careful review of Plaintiff's summary judgment briefing, medical records, and grievance records. The Court held that Plaintiff had failed to demonstrate a genuine issue of material fact under the relevant Eighth

Amendment standards as to his treatment for Hepatitis C and his shoulder treatments. The Court further concluded that Defendants were entitled to qualified immunity.

To the extent that the sworn statement Plaintiff now seeks regarding his medical condition is relevant to his claims in this suit, Plaintiff provides no reason why he was unable to present its facts and arguments before the Court entered judgment. A motion for reconsideration under Rule 59(e) is not the proper vehicle to rehash legal theories or arguments that were, or could have been, previously raised. *See Templet*, 367 F.3d at 479.

Plaintiff's motion for an extension of time (Dkt. 45), which the Court construes as a timely motion under Federal Rule of Civil Procedure 59(e), is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on _September 9_, 2019.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE